UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20237-CIV-HOEVELER



**HUGO RAMIREZ, and all others
similarly situated under 29 U.S.C. § 216(b),**

    **Plaintiffs,**

v.

**CASABLANCA FISH MARKET, INC.,
LAZARO SANCHEZ, JR., JORGE LUIS
SANCHEZ, MARIBEL SANCHEZ,
PABLO ALVAREZ,**

    **Defendants.**

_____/

## ORDER ON PENDING MOTIONS

This Cause comes before the Court on the Defendants' Motion to Dismiss Count II, Plaintiffs' Motion for Leave to Exceed the Deposition Limit, and Defendants' Motion to Compel Accurate Damages Disclosures and for Sanctions. Plaintiffs (at this time, the only Plaintiff is Hugo Ramirez) allege a violation under FLSA, 29 U.S.C. §§ 201-206. In the Amended Complaint, Plaintiff Ramirez claims to have been a cleaner at Defendants' seafood restaurant and marina, from May 2002 until December 2006, who worked an average of 80.5 hours/week. Plaintiff claims that he was paid an average of $2.17 per hour, and never was paid overtime nor paid minimum wage for the regular hours worked. These same claims appear in Plaintiffs' Initial Disclosure, see Exhibit C

1

of Docket No. 27, along with the total demand of $150,471.48 pursuant to the alleged FLSA violations. Plaintiffs' Amended Complaint also includes a claim that Defendants failed to provide a safe work place and therefore are responsible for injuries Plaintiff suffered when he slipped and fell in August 2005, and that Defendants did not have workers' compensation insurance, as required by Fla. Stat. § 440.11.

Defendants, the corporation and its three corporate officers, Lazaro Sanchez, Jr., Jorge Luis Sanchez, and Maribel Sanchez (default was entered against the remaining Defendant, Pablo Alvarez, on June 6, 2007), deny that Plaintiff was an employee. Defendants describe Plaintiff as "a person who would come by Casablanca and other area businesses begging for food and money." Defendants also claim that their fish market only has been at the location claimed by Plaintiff since April 2005, and that any claims for wages allegedly owed prior to that date cannot be the responsibility of Defendants. Plaintiff agreed, in his deposition, that he only worked for Defendants as of April 2005, despite the contrary allegations in his complaint.[1]

Defendants' Motion to Dismiss argues that Count II of the Amended Complaint, which is a negligence/workers' compensation claim, is improperly before this Court. The Court agrees. While the evidence as to a purported employee/employer

---

[1] The Defendant against whom default has been entered, Pablo Alvarez, may have operated a similar business, i.e., a fish market or marina, in the location in which Defendant Casablanca Fish Market now is operating, and it appears that Plaintiff Ramirez claims to have been employed by Defendant Alvarez at that time. However, even if Ramirez could establish that he was employed by Alvarez prior to April 2005, i.e. from the May 2002 date alleged in the complaint, the majority of such a claim would be barred by the applicable statute of limitations, as this case was not filed until January 30, 2007.

2

relationship may be relevant to both the FLSA and the negligence/workers' compensation claim, nothing else about the claims is sufficiently related for this Court to exercise supplemental jurisdiction. For example, Plaintiff claims to have been injured as a result of Defendants' failure to provide a safe place to work, and also alleges that Defendants did not have workers' compensation insurance as required by Florida law. Neither of these issues are relevant to whether or not Plaintiff was entitled to a minimum wage under federal law. Even if jurisdiction could be exercised as to the state workers' compensation claim, the Court would decline to do so in this instance – particularly where the allegations of fact predictably will be widely divergent[2] and the proceedings lengthy. In the event that no employee/employer relationship is established, this Court will dismiss the FLSA claim – it may or may not be that a negligence/workers' compensation claim would survive a finding that there was no employee/employer relationship, in any event the Court will not take jurisdiction over that claim at this time. Thus, Defendants' Motion to Dismiss Count II is GRANTED.

Plaintiffs' counsel acknowledges that the existence of an employee/employer relationship has not been established, and asks for more depositions in order to succeed on that claim. However, Plaintiffs have failed to demonstrate a specific need for any additional depositions. Indeed, it appears that Plaintiffs' counsel is simply dissatisfied with the nine witnesses already deposed as those witnesses have been "unable to establish" that an employer/employee relationship existed between

---

[2]Indeed, the parties are unable even to agree that Plaintiff was employed by Defendants.

Defendants and Plaintiff Hugo Ramirez. While it has not yet been established that this case was filed without a sufficient basis to allege the existence of an employer/employee relationship, it is nevertheless pertinent to note that a lack of evidence to support a claim is not an adequate reason to be awarded additional depositions. Plaintiffs' Motion for Leave to Exceed the Deposition Limit is DENIED.

Finally, Defendants ask this Court to compel Plaintiffs to provide an accurate damages disclosure and also ask this Court to grant sanctions against Plaintiffs for conduct to date in this litigation. The Court has determined that the motion to compel should be granted because of Plaintiffs' counsel's refusal to correct obvious misstatements in the record regarding the number of hours worked. For example, Plaintiff testified that he worked eight hours a day, usually five days a week and occasionally on a sixth day (Saturday). Despite this testimony, Plaintiffs' counsel claims that he made a "good faith 'approximate' recollection" and then blames the failures on the absence of time records kept by Defendants, i.e., the alleged employers. This is far from a question of "imprecise evidence" on damages, as claimed by Plaintiffs' counsel; indeed, to have claimed in a complaint filed before this Court that a client/Plaintiff worked nearly twice, i.e., 80.5 hours weekly, the number of hours the client testifies to have worked, i.e., 40 - 48 hours weekly, borders on sanctionable conduct. Plaintiffs shall revise the damages disclosure, and correct any other statements – particularly those previously certified by Plaintiffs' counsel – based upon the testimony of Plaintiff. Such corrections shall be made no later than March 5, 2008. The Court cautions Plaintiffs' counsel that any future demonstrated misrepresentations

will be met with sanctions against counsel. (The Court hereby denies that portion of Defendants' motion which seeks sanctions at this stage, without prejudice to renew if necessary.) Defendants Motion to Compel Accurate Damages Disclosures and for Sanctions is GRANTED, in part, consistent with the above discussion.

This case is on the trial calendar for July 14, 2008, and dispositive motions must be filed before April 30, 2008. The parties shall govern themselves accordingly.

DONE AND ORDERED in Chambers in Miami this 29th day of February 2008.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
Jamie H. Zidell
Kristy M. Johnson